# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

## DEFAULT JUDGMENT IN A CIVIL CASE

**U.S. BANK NATIONAL ASSOCIATION,** *as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-KX03*,

                                                                       Plaintiff,

        vs.                                                                   3:23-cv-928 (MAD/ML)

**CHENANGO PLACE, LLC; RACHEL SCHIFF; ABRAHAM GROSS; and BROOME COUNTY INDUSTRIAL DEVELOPMENT AGENCY,**

                                                     Defendants.

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's motion for default judgment (Dkt. No. 44) is **GRANTED**; and it is further **ORDERED** that judgment in mortgage foreclosure is entered in favor of Plaintiff and against the Agency on Plaintiff's complaint in mortgage foreclosure, and that the Agency, and any person or entity claiming under it, be and hereby is barred and forever foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the land, personal property and any other income, fixtures and articles of property at 7-9 Court Street, Binghamton, New York 13901, on which Plaintiff's first mortgage is a lien; and it is further **ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 68) is **GRANTED**; and it is further **ORDERED** that Judgment of Foreclosure and Sale is entered against Defendants' fee and leasehold interests and other property located at 7-9 Court Street in Binghamton, Broome County, New York (Section 160.40, Block 2, Lot 7) (the "Property") in the amount of $13,298,750.42, with interest thereon from November 1, 2024, until the date of entry of this judgment, and additional sums as set forth below; and it is further **ORDERED** that the Property be sold as provided by New York Real Property Actions and Proceedings Law ("RPAPL") within ninety (90) days of the date of this Judgment, by and under the direction of **Melinda A. Jahn, Esq.**, who is hereby appointed referee for that purpose (the "Referee"), in one parcel at public auction to be held on the steps of the Binghamton U.S. Courthouse at 15 Henry Street, Binghamton, New York 13901, and that the Referee shall give public notice of the time and place of sale in accordance with RPAPL § 231; and it is further **ORDERED** that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge of the Supreme Court of New York, 22

NYCRR § 36.0 *et seq.* (the "Rules"), including but not limited to § 36.2(c) ("Disqualifications from appointment") and § 36.2(d) ("Limitations on appointments based upon compensation"); and if the Referee is disqualified from receiving an appointment pursuant to the provisions of the Rules, the Referee shall immediately notify this Court; and it is further **ORDERED** that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with the Rules; and it is further **ORDERED** that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assigns, or its representative is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representative;

and it is further **ORDERED** that if the Referee does not conduct the sale within ninety (90) days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL § 1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further **ORDERED** that at the time of the sale the Referee shall accept a written bid from Plaintiff or Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further **ORDERED** that said Referee shall accept the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the Property and pay to the Referee in cash or certified or bank check ten percent (10%) of the sum bid, unless such successful bidder is Plaintiff, in which case no deposit against the purchase price shall be required; and it is further **ORDERED** that in the event that the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the Property or fails to immediately pay the ten percent (10%) deposit as required, the Property shall immediately on the same day be re-offered at auction; and it is further **ORDERED** that in the event a party other than Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than thirty (30) days after such sale unless otherwise stipulated by all parties to the sale, and it is further **ORDERED** that after the Property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL § 1353 and the Terms of Sale, which shall be deemed a binding contract; and it is further **ORDERED** that, if Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the Property back on the market for sale or other occupancy: (a) within one hundred and eighty (180) days of the execution of the deed of sale, or (b) within ninety (90) days of completion of construction, renovation, or rehabilitation of the Property, provided that such construction, renovation, or rehabilitation proceed diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further **ORDERED** that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the Property at the time of the sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further **ORDERED** that the Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in an FDIC-insured bank of the Referee's choice within the County of New York and shall thereafter make the following payments in accordance with RPAPL § 1354, as follows: FIRST: The Referee's statutory fees for conducting the sale in accordance with CPLR 8003(b), not to exceed $750.00 unless the Property sells for $50,000.00 or more, and in the event that the sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation, unless the Referee caused the delay;

SECOND: All taxes, assessments, sewer rents, water rates that are liens upon the Property and monies necessary to redeem the Property from any sales for unpaid taxes, assessments, or water rates that have not become absolute, and any other amounts due in accordance with

RPAPL § 1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The purchaser shall hold the Referee harmless from any such penalties or fees assessed; THIRD: The expenses of the sale and advertising expenses as shown on bills presented and certified by the Referee to be correct, duplicate copies of which shall be annexed to the Report of Sale; FOURTH: The Referee shall pay to Plaintiff or its attorneys the sum of $13,298,750.42, with interest thereon from November 1, 2024, until the date of entry of this judgment, together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, reasonable attorneys' fees, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consumption of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest pursuant to the note and mortgage and then with interest from the date of entry of this judgment at the statutory rate until the deed is transferred: FIFTH: Surplus monies arising from the sale shall be paid into court by the Referee within five (5) days after receipt in accordance with RPAPL § 1354(4) and in accordance with local County rules regarding surplus monies; and it is further **ORDERED** that if Plaintiff is the purchaser of the Property, or in the event that the rights of the purchasers at such sale and the Terms of Sale under this judgment shall be assigned to and be acquired by Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to Plaintiff or its assignee a deed for the Property upon payment to said Referee of the amounts specified in items marked "FIRST," "SECOND," and "THIRD" above; that the Referee shall allow Plaintiff to pay the amounts specified in "SECOND" and "THIRD" above when recording the deed, that the balance of the bid, after deducting the amounts paid by Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "FOURTH" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "FIFTH" above; and it is further **ORDERED** that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the Property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law § 1404; and it is further **ORDERED** that the Property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the Property would disclose; any facts an accurate survey of the Property would show, any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any, any building and zoning ordinances of the municipality in which the Property is located and possible violations of same, any rights of tenants or persons in possession of the Property, prior liens of record, if any, except those liens addressed in RPAPL § 1354; any equity of redemption of the United States of America to redeem the Property within one hundred and twenty (120) days from the date of sale; any rights pursuant to CPLR 317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further **ORDERED** that the purchaser be let into possession of the Property upon production in hand of the Referee's deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further **ORDERED** that Defendant in this action and all persons claiming through them and any person obtaining an interest in the Property after filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, interest in the Property after the sale of the mortgaged Property; and it is further **ORDERED** that within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser, unless the time is

extended by the court, the Referee shall file with the Clerk of Court a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL § 1355(1) and follow all local County rules regarding the handling of surplus monies; and it is further **ORDERED** that if the purchaser or purchasers at said sale default(s) upon the bid and/or the Terms of Sale the Referee may place the Property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further **ORDERED** that Plaintiff shall serve a copy of this judgment upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further **ORDERED** that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL § 1307 and RPAPL § 1308 to secure and maintain the Property until such time as ownership of the Property has been transferred and the deed duly recorded; and it is further **ORDERED** that, when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further **ORDERED** that to ensure compliance, Plaintiff shall file a written report with the Court within six (6) months from the date of entry of this judgment stating whether a sale has occurred and the outcome; and it is further **ORDERED** that the Clerk of the Court shall enter judgment and close this case, all in accordance with the Memorandum-Decision and Order of the Honorable Mae A. D'Agostino, dated the 10th day of January, 2025.

DATED: January 10, 2025

*[Signature]*
Clerk of Court

s/Britney Norton
Britney Norton
Deputy Clerk